**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clarence WALKER, Defendant–
Appellant.**

**No. 06–10733.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed June 23, 2008.

James A. Crowell, Nicholas A. Marsh, Ethan H. Levisohn, U.S. Department of Justice, Washington, DC, for Plaintiff-Appellee.

George C. Boisseau, for Defendant-Appellant.

* The Honorable John M. Walker, Jr., Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and WALKER *, Senior Circuit Judge.

**MEMORANDUM ***

Federal prisoner Clarence Walker appeals his convictions for causing the failure to file currency transaction reports ("CTRs") in violation of the Bank Secrecy Act, 31 U.S.C. § 5324(a)(1), (d)(1), and conspiracy to do the same in violation of 18 U.S.C. § 371. Walker argues that (1) the district court erroneously denied his motion for mistrial because a juror who was ultimately dismissed biased other jurors by commenting on the merits of the case before deliberations; and (2) his convictions were obtained through perjurious testimony in violation of the due process clause.

The district court did not abuse its discretion by denying Walker's motion for mistrial. The district court removed the juror who, before hearing any evidence, commented on Walker's guilt; the court questioned every juror about the comments, and asked the jurors who heard the comments to verify that they could impartially consider the evidence and apply the presumption of innocence. *See United States v. Armstrong,* 909 F.2d 1238, 1244 (9th Cir.1990) (affirming a district court's denial of a motion for mistrial where the district court questioned each juror about a pre-deliberation comment and its possible effect on each juror's deliberations). The court's inquiry was very thorough.

Walker's pro se supplemental brief raises a due process challenge. It fails because he did not show that his conviction was obtained through false testimony. *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Zuno–Arce,* 339 F.3d 886, 889 (9th Cir.2003) (holding that to prevail on a claim that his conviction was obtained through the knowing introduction of perjurious testimony, the defendant must show that the testimony was actually false).

**AFFIRMED.**